# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINIQUE LASHAUNE CASTILE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-319 |
| ) | |
| PRIMECARE MEDICAL INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

This action was received by the Clerk of Court on October 19, 2018 and was referred to United States Magistrate Judge Richard A. Lanzillo, for report and recommendation ("R&R") in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules for Magistrate Judges.

Pending before the Court are the following motions: Defendant Susan Rossino, M.D.'s Motion to Dismiss for Failure to State a Claim, ECF No. [27]; Defendant Crawford County Correctional Facility's Motion to Dismiss for Failure to State a Claim, ECF No. [30]; and a Motion to Dismiss for Failure to State a Claim or, alternatively, Motion for Summary Judgment filed by Defendants PrimeCare Medical Inc., Kathryn Skuce, Rebecca Harvey, Dawn Salsberry, and Christine Schreffler (collectively, the "PrimeCare Defendants"), ECF No. [33]. Plaintiff filed his responses in opposition to these motions on July 12 and July 16, 2019. ECF Nos. [40] and [41].

On October 17, 2019, Magistrate Judge Lanzillo issued an R&R [46] recommending that: (i) the motion filed on behalf of Defendant Rossino be granted; (ii) the motion filed on behalf of Crawford County Correctional Facility be granted; (iii) the motion filed on behalf of the

1

PrimeCare Defendants be addressed solely as a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and said motion be granted; (iv) the claim against Crawford County Correctional Facility be dismissed with prejudice; and (v) all remaining claims against the other Defendants be dismissed without prejudice to Plaintiff's right to file an amended pleading. Plaintiff filed objections to the Report and Recommendation [47] on November 14, 2019, and the PrimeCare Defendants responded on November 22, 2019 [48].

In his objections, Plaintiff argues that the Magistrate Judge's R&R should be rejected because it was made without the benefit of all the relevant medical evidence in his case which, Plaintiff submits, would establish the Defendants' deliberate indifference to his serious medical needs, in violation the Eighth Amendment.[1] Although Plaintiff did append certain exhibits to his

---

[1] Plaintiff also appears to take exception to the Magistrate Judge's June 21, 2019 Order that denied Plaintiff's motion for appointment of counsel. *See* ECF Nos. 37, 39. In considering an appeal of a nondispositive order by a Magistrate Judge, the Court will modify or vacate an order only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); LCvR 72(C).
A magistrate judge's finding is clearly erroneous "'when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed.'" *Alarmax Distributors, Inc. v. Honeywell Int'l Inc.*, No. 2:14CV1527, 2016 WL 6791240, at *1 (W.D. Pa. Apr. 20, 2016) (quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A finding is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Id.* (citing *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008)). "The burden of demonstrating clear error rests with the appealing party." *Id.* (citing *Kounelis*, 529 F. Supp. 2d at 518).
Here, the Court finds that the Magistrate Judge's decision denying Plaintiff's motion for appointment of counsel was neither clearly erroneous nor contrary to law. Judge Lanzillo properly weighed all of the factors that bear on a request for appointment of counsel, *see Tabron v. Grace*, 6 F.3d 147, 157-58 (3d Cir. 1993), and he found that consideration of these factors presently weigh against appointment of counsel because: the issues in this case are relatively straightforward and require the application of established legal principles to the facts at hand, Plaintiff is cogent and articulate and has thus far demonstrated the ability to represent himself at this stage of the proceedings, any concerns about future discovery and trial preparation are premature at this juncture, Plaintiff has personal knowledge of most of the facts that are material to his claim, and it is unknown at this point whether the case will ultimately turn on credibility determinations or expert testimony. After reviewing the record, the Court finds no basis for overturning the Magistrate Judge's June 21, 2019 ruling. Accordingly, the Court will affirm the Magistrate Judge's Order denying Plaintiff's motion for appointment of counsel without prejudice.

Amended Complaint, ECF No. 13, he contends that additional medical records (which are not yet in his possession) and additional medical testing (in the form of an MRI) should be considered in support of his case.

Plaintiff's objections lack merit inasmuch as the Magistrate Judge's recommendation was predicated upon his application of Federal Rule 12(b)(6), which is concerned not with the sufficiency of the evidentiary record as a whole, but with the sufficiency of the Plaintiff's pleading. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-679 (2009). In making this determination, the Court looks to the averments in the Amended Complaint and any supporting exhibits attached to it. *See Vorchheimer v. Phila. Owners Ass'n*, 903 F.3d 100, 105 (3d Cir. 2018). To that end, this Court has examined for itself Plaintiff's operative pleading [13] and the attached records [13-1]. Having done so, the Court agrees that the Amended Complaint is deficient for the reasons articulated by Magistrate Judge Lanzillo.

Nevertheless, Plaintiff was given leave to replead his claims in order to try and state a plausible Eighth Amendment violation based upon alleged deliberate indifference to his serious medical needs. To the extent Plaintiff has additional facts to offer in support of his claim, or additional exhibits to submit, they will be considered in connection with any future Rule 12(b)(6) challenges.

Accordingly, after *de novo* review of the complaint and documents in the case, together with the report and recommendation, Plaintiff's objections, and the PrimeCare Defendants' response thereto, the following order is entered:

NOW, this 12th day of December, 2019;

IT IS ORDERED that the Motion to Dismiss for Failure to State a Claim filed on behalf of Defendant Susan Rossino, M.D., ECF No. [27], is GRANTED.

IT IS FURTHER ORDERED that the Motion to Dismiss for Failure to State a Claim filed on behalf of Defendant Crawford County Correctional Facility, ECF No. [30], is GRANTED.

IT IS FURTHER ORDERED that the Motion to Dismiss for Failure to State a Claim filed by Defendants PrimeCare Medical Inc., Kathryn Skuce, Rebecca Harvey, Dawn Salsberry, and Christine Schreffler, ECF No. [33], is GRANTED, and the Defendants' alternative Motion for Summary Judgment is DISMISSED as moot.

IT IS FURTHER ORDERED that the claims against Defendant Crawford County Correctional Facility shall be, and hereby are, DISMISSED with prejudice. All remaining claims shall be, and hereby are, DISMISSED without prejudice and with leave to file an amended pleading on or before January 15, 2020.

IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Lanzillo, issued on October 17, 2019, ECF No. [46], is adopted as the opinion of the court.

Finally, IT IS ORDERED that the Magistrate Judge's Order of June 21, 2019, ECF No. [39], denying Plaintiff's Motion for Appointment of Counsel (ECF No. [37]) without prejudice is hereby AFFIRMED.

SUSAN PARADISE BAXTER
United States District Judge

cc: Dominique LaShaune Castile
NB-4095
SCI Houtzdale
209 Institution Drive
PO Box 1000
Houtzdale, PA 16698-1000
(via U.S Mail, First Class)

The Honorable Richard A. Lanzillo (via CM/ECF)

4