# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOMINIQUE LASHAUNE CASTILE,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 1:18-cv-319 |
| **PRIMECARE MEDICAL INC., et al.,** | ) |
| **Defendants.** | ) |

## MEMORANDUM ORDER

This civil action was commenced by Plaintiff on October 19, 2018, when his complaint was lodged by the Clerk of Court. The matter was subsequently referred to United States Magistrate Judge Richard A. Lanzillo, for report and recommendation ("R&R") in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules for Magistrate Judges.

On December 13, 2019, the undersigned adopted Judge Lanzillo's report and recommendation to grant the Defendants' motions to dismiss. *See* ECF No. 49. The Court dismissed most of Plaintiff's claims without prejudice and with leave to amend by January 15, 2020. *Id*. To date, no amended pleading has been filed. Instead, Plaintiff filed "objections" to the Court's December 13, 2019 ruling, which are actually in the nature of a motion for reconsideration. ECF Nos. 52 and 57.

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration under Federal Rule of Civil Procedure 59(e) must therefore rely on one of three grounds: (1) an intervening change in the law; (2) the availability

1

of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Motions for reconsideration should not relitigate issues already resolved by the court and should not be used to advance additional arguments which could have been made by the movant before judgment. *Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995).

Here, Plaintiff has failed to articulate any grounds warranting reconsideration of the Court's December 13, 2019 Order. In fact, his objections do not engage in any meaningful analysis of either the Court's ruling or the Magistrate Judge's report and recommendation. Instead, Plaintiff reiterates the argument he previously made when he initially objected to the report and recommendation: namely, that the Court should consider all (and as-yet-undeveloped) medical evidence in his case before issuing a ruling relative to the Defendants' motions to dismiss. As support for his argument, Plaintiff cites the standard of review utilized at the summary judgment stage; however, that standard is inapplicable to motions asserted under Rule 12(b)(6).

> As the Court previously explained:
>
> Plaintiff's objections lack merit inasmuch as the Magistrate Judge's recommendation was predicated upon his application of Federal Rule 12(b)(6), which is concerned not with the sufficiency of the evidentiary record as a whole, but with the sufficiency of the Plaintiff's pleading. *See Ashcroft v. Iqbal,* 556 U.S. 662, 677-679 (2009). In making this determination, the Court looks to the averments in the Amended Complaint and any supporting exhibits attached to it. *See Vorchheimer v. Phila. Owners Ass'n*, 903 F.3d 100, 105 (3d Cir. 2018). To that end, this Court has examined for itself Plaintiff's operative pleading [13] and the attached records [13-1]. Having done so, the Court agrees that the Amended Complaint is deficient for the reasons articulated by Magistrate Judge Lanzillo.
>
> ECF No. 49 at 3. The Court's prior reasoning still applies.

In sum, Plaintiff has not pointed any intervening change in the law or clear error that would warrant a reconsideration of this Court's December 13, 2019 ruling, nor has Plaintiff shown that a failure to amend the prior ruling would result in manifest injustice to him or any other party. The other potential basis for reconsideration -- the availability of new evidence – is inapplicable given the nature of the Court's prior ruling and the procedural posture of this case.

According, this 3rd day of April, after careful review of Plaintiff's motions for reconsideration of the Court's December 13, 2019 ruling (styled as "objections"), ECF Nos. 52, and 57, IT IS ORDERED, for the reasons set forth above, that the motions shall be, and hereby are, DENIED.

*Susan Paradise Baxter*

SUSAN PARADISE BAXTER
United States District Judge

cc: Dominique LaShaune Castile
NB-4095
SCI Houtzdale
209 Institution Drive
PO Box 1000
Houtzdale, PA 16698-1000
(via U.S Mail, First Class)

Counsel of record (via CM/ECF)

The Honorable Richard A. Lanzillo (via CM/ECF)